Jerome S. Cohen (SBN 143727)
3731 Wilshire Boulevard (Suite 514)
Los Angeles, CA 90010
Telephone: (213) 388-8188
Facsimile:  (213) 388-6188
jsc@jscbklaw.com

(Proposed) Attorney for Debtors and Debtors In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.  2:11-bk-19760-VZ |
| **GEORGE LANNING and NANSEE LANNING**, | Chapter 11 |
| Debtors | **DEBTORS' *EMERGENCY* MOTION FOR AN ORDER THAT THE STAY TAKE EFFECT AND REMAIN IN EFFECT NOTWITHSTANDING PROVISIONS OF 11 U.S.C. §§ 362(c)(4)(A): DECLARATIONS OF GEORGE LANNING AND JEROME S. COHEN** |
| | Hearing<br>**Date**:  [TO BE SET]<br>**Time**:  [TO BE SET]<br>**Crtrm**: |

-0-

**TO HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that George Lanning and Nansee Lanning, (the "Debtors"), hereby move the Court, on an emergency basis, for an order granting the following relief:

A. As to George, order the stay under 11 U.S.C. § 362 (a) to take effect in Debtors' case as to all creditors pursuant to 11 U.S.C. § 362 (c)(4)(B).

B. As to Nansee, order the stay under 11 U.S.C. § 362 (a) to remain in effect beyond the first thirty (30) days with respect to all creditors pursuant to 11 U.S.C. § 362 (c)(3)(B).

C. Such additional relief as the Court deems just and proper.

This Motion is based on the appended Memorandum of Points and Authorities and the Declarations of George Lanning and Jerome S. Cohen filed concurrently herewith, and on such other evidence as may be presented to the Court prior to or at the hearing on this Motion.

DATED: March 8, 2011

/s/ *Jerome S. Cohen*
Jerome S. Cohen
(Proposed) Attorney for Debtors
and Debtors-in-Possession

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Debtors George Lanning and Nansee Lanning (individually, "George" and "Nansee", and collectively, "Debtors") respectfully request, under authority of Bankruptcy Code Section 362(c)(3)(B), 11 U.S.C. §362(c)(3)(B), and Bankruptcy Code Section 362(c)(4)(B), 11 U.S.C. §362(c)(4)(B), that the Court enter an emergency order that the automatic stay take effect from and after the March 7, 2011 filing of Debtors' voluntary petition commencing this case, until further order of the Court, without regard to the provisions of 11 U.S.C. §362(c) (3) (A) and (c)(4)(A). Debtors' instant Chapter 11 filing is a good faith filing, not the sort of filing that Congress targeted with the 2005 provisions against multiple filings.

## II. FACTS

### A. The Debtors and Their Properties

Debtors are separated spouses dealing amicably with each other for the sake of their family and for mutual economic benefit. Debtors married more than forty-six (46) years ago. Debtors have three children, a son age 25, a daughter age 23, and a daughter 22, all financially dependent upon the Debtors to some extent.

Debtors own real property, including a parcel on San Fernando Road in Los Angeles that is devoted to use as a manufactured home park ("San Fernando"), and a building on Sunset Boulevard in Los Angeles that is devoted to use by commercial tenants including a licensed medical marijuana dispensary and a nail salon ("Sunset").

San Fernando has twenty-seven free-standing manufactured homes, one for a manager and twenty-six (26) rented to tenants. Until 2009, under Debtors' management, San Fernando

produced monthly cash flow – after expenses and after debt service – of approximately fourteen thousand dollars ($14,000.00). Since approximately 2009, a state court - appointed receiver has managed San Fernando, and has accumulated approximately two hundred fifty-four thousand dollars ($254,000.00). The receiver's closing statement showed 2010 net income of $178,585.37.

Sunset has two tenants. The nail salon is current with rent of forty-six hundred dollars ($4600.00) per month. The medical marijuana facility, operated by Debtors' wholly owned corporation, has not paid rent in two years, and owes Debtors approximately $140,000.00 in rent. Sunset has deferred maintenance issues. The Debtors have been attempting to restructure financing on Sunset. A secured lender has obtained a **March 9, 2011 hearing date** in state court for appointment of a receiver. This March 9, 2011 hearing date precipitated the filing of this Chapter 11 case and the filing of this emergency motion (the "Motion").

### B. The Prior Bankruptcy Filings

Since 2008, Debtors together, or George alone, have made prior bankruptcy filings in the Central District of California as follows**:**

| **Filing Date And Debtor(s)** | **Case Number** | **Counsel** | **Reason Dismissed** |
|---|---|---|---|
| February 6, 2008 **George and Nansee** | 2:08-bk-11578-VK | Ron Bender Levene, Bender, et al. | Voluntary Dismissal Upon Refinance of Property |
| March 15, 2010 **George alone** | 1:10-bk-12871-MT | Pro Se | Failure to file documents |
| May 4, 2010 **George alone** | 1:10-bk-15271-MT | Pro Se | Failure to file documents |

-3-

| August 4, 2010 | | | Dismissal without bar to re-filing |
|---|---|---|---|
| **George and Nansee** | 2:10-bk-42450-VZ | Michael Jay Berger | |

On March 7, 2011, Debtors retained Jerome S. Cohen ("Cohen") as bankruptcy counsel and, on the same day, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code to commence this case.

### III. CAUSE FOR EMERGENCY RELIEF

Debtors are forced to bring this emergency motion because the current noteholder on the two properties, California Bank and Trust Company, is intent on obtaining a state court order appointing a receiver for Sunset, and on obtaining release of money from the receiver on San Fernando. <u>The lender has scheduled two March 9, 2011 hearings before the same state court judge for these purposes.</u> Debtors are opposing the lender in state court, and have tried to settle with the lender, but filed this Chapter 11 case to stop the state court action.

Under 2005 amendments to the Bankruptcy Code, the automatic stay may not arise to protect the Debtors, because of prior filings. However, with respect to Nansee, who filed only once within the preceding year, the stay arises for at least thirty (30) days. And even with respect to George, who filed twice within the preceding year, the stay may arise in the discretion of the Court if the Court finds the instant filing to be a good faith filing. However, California Bank and Trust is unwilling to call off the hearings, and intends to persist, in violation of the automatic stay, in seeking a receiver.

## IV. **DISCUSSION**

### A. **The Statutory Provision.**

Among amendments to the Bankruptcy Code in the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) were provisions to limit the practice of repeat filing. Newly enacted §362(c)(4) provides, in pertinent part, as follows:

> ( c ) Except as provided in subsections (d), (e), (f) and (h) of this section-
>
> * * *
>
> (4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707 (b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;
>
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> (C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and

(D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

(i) as to all creditors if—

(I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

(II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C. §362(c)(4).

### B. The Congressional Concern Is That
### The Court Find Good Faith In the Present Filing.

Courts have recognized this provision as part of the Congressional effort to control the abusive serial filer. This provision is essentially a requirement that the debtor demonstrate good faith to have the stay continue beyond 30 days in his or her case.

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act (the " 2005 Act ") to address several real or perceived shortcomings of the Bankruptcy Code. [Citing H. Rep. No. 109-31 Prt. 1 (2005)]. In particular, section 302 of the 2005 Act, entitled "Discouraging Bad Faith Repeat Filings," amended section 362( c ) of the Bankruptcy Code to limit the availability of the automatic stay for repeat, bad-faith filers. If a debtor had one previous case "pending" within a year of the current filing and the case was dismissed, the automatic stay would be effective upon filing, but would expire to a certain extent after 30 days unless extended.FN5 If the debtor had two or more cases "pending" within a year, that were dismissed, then the section 362(a) stay would not go into effect upon filing, but could be imposed, after notice and a hearing, upon a finding by the bankruptcy court that the latest case was filed in good faith. See 11 U.S.C. § 362(c)(4)(A)(I), (B).

In re McFadden, 383 B.R. 386 (Bankr. D.S.C., 2008)(under § 362(c)(4), a debtor who has had more than one case pending and dismissed during the one year preceding the filing of his current case must demonstrate the case was filed in good faith as to the creditors to be stayed in order to have the automatic stay imposed in his case). See also, In re Lundquist, 371 B.R. 183 (Bankr. N.D.Tex., 2007)( Upon the motion of a party-in-interest, after notice and a hearing held within 30 days of filing, the court may continue the section 362(a) stay if the movant proves that

the latest filing was in good faith. See 11 U.S.C. § 362(c)(3)(B). The party proving good faith may need to overcome a presumption that the petition was filed not in good faith. See 11 U.S.C. §362(c)(3)(C). If no hearing is held or if the movant does not prove good faith, then the stay, "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor." 11 U.S.C. § 362(c)(3)(A)). Id., at 386, fn. 5.

In the instant case, the Debtors are not the target at which Congress took aim. Debtors are currently represented by experienced Chapter 11 counsel intending to develop and confirm a Chapter 11 plan. Moreover, there is no reason to conclude that this Chapter 11 case will not be concluded with a confirmed plan that will be fully performed. In summary, no presumption of bad faith arises in this case.

**C. The Limitation of Stay under Section §362(c)(3)(A)**
**Must be Applied to Each Debtor Separately in a Joint Case.**

Nansee was not a debtor in Chapter 11 more than once in the past year, so the automatic stay is intact for Nansee for thirty (30) days, and this is sufficient for the instant filing to enjoin automatically the state hearings on receiver and turnover of funds. As a joint debtor in the instant case, and a joint owner of the San Fernando and Sunset properties, Nansee is entitled to the protection of the stay, regardless whether the Court, on this Motion, finds in its discretion that this particular filing by George is in good faith. See, e.g., In re Haisley, 350 B.R. 48 (Bankr. E.D. La. 2006); In re Parker, 336 B.R. 678 (Bankr. S.D.N.Y. 2006). The pertinent case law holds that whether the Court is applying 362(c)(3) or (c)(4), it must direct the section to each debtor separately in a joint case. When one of the debtors had not been a debtor in the year before the petition, the section is inapplicable to her. The stay remains in effect. Thus, here, the state court hearings may not go forward at all.

## V. **CONCLUSION**

For the foregoing reasons, the limitation of the automatic stay under Section 362(c)(3) and 363(c)(4) should not apply to the instant Chapter 11 case, which Debtors have brought in good faith.

DATE: March 8, 2011                                  */s/ Jerome S. Cohen*

                                                                    Jerome S. Cohen

                                                                    Proposed Attorney for Debtors

                                                                    and Debtors in Possession

# DECLARATION OF GEORGE LANNING

I, GEORGE LANNING, declare as follows:

1. I am an individual over the age of eighteen. Except where otherwise stated below, I have personal knowledge of the facts set forth below and, if called as a witness, I would and could competently testify thereto.

2. I make this declaration in support of Debtors' Emergency Motion For An Order That The Stay Take Effect Notwithstanding Provisions Of 11 U.S.C. § 362(c)(4)(a) (the "Motion").

**Our Background and Properties**

3. My wife, Nansee Lanning, and I are separated spouses dealing amicably with each other for the sake of our family and for mutual economic benefit. Nansee and I have been married for more than forty-six (46) years.

4. We have three children, a son age 25, a daughter age 23, and a daughter 22, all financially dependent upon us to some extent.

5. My wife and I own real property, including a parcel on San Fernando Road in Los Angeles that is devoted to use as a manufactured home park ("San Fernando"), and a building on Sunset Boulevard in Los Angeles that is devoted to use by commercial tenants including a licensed medical marijuana dispensary and a nail salon ("Sunset").

6. San Fernando has twenty-seven free-standing manufactured homes, one for a manager and twenty-six (26) rented to tenants. Until 2009, under the management of my wife and me, San Fernando produced monthly cash flow – after expenses and after debt service – of approximately fourteen thousand dollars ($14,000.00). Since approximately 2009, a state court - appointed receiver has managed San Fernando, and has accumulated approximately two hundred fifty-four thousand dollars ($254,000.00). The receiver's closing statement showed 2010 net income of $178,585.37.

7. Sunset has two tenants. The nail salon is current with rent of forty-six hundred dollars ($4600.00) per month. The medical marijuana facility, operated by the wholly owned corporation of my wife and me, has not paid rent in two years, and owes us approximately

1

$140,000.00 in rent. Sunset has deferred maintenance issues. We have been attempting to restructure financing on Sunset. A secured lender has obtained a **March 9, 2011 hearing date** in state court for appointment of a receiver. This March 9, 2011 hearing date precipitated the filing of this Chapter 11 case and the filing of the emergency Motion.

**The Prior Bankruptcy Filings**

8. Since 2008, my wife and I together, or myself alone, have made prior bankruptcy filings in the Central District of California as follows**:**

| **Filing Date And Debtor(s)** | **Case Number** | **Counsel** | **Reason Dismissed** |
|---|---|---|---|
| February 6, 2008 **George and Nansee** | 2:08-bk-11578-VK | Ron Bender Levene, Bender, et al. | Voluntary Dismissal Upon Refinance of Property |
| March 15, 2010 **George alone** | 1:10-bk-12871-MT | Pro Se | Failure to file documents |
| May 4, 2010 **George alone** | 1:10-bk-15271-MT | Pro Se | Failure to file documents |
| August 4, 2010 **George and Nansee** | 2:10-bk-42450-VZ | Michael Jay Berger | Dismissal without bar to re-filing |

9. <u>In the two bankruptcies filed within the year preceding the instant filing, Nansee was a bankruptcy debtor in only one of the bankruptcies</u>.

///

2

10. On March 7, 2011, my wife and I retained Jerome S. Cohen ("Cohen") as bankruptcy counsel and, on the same day, we filed a voluntary petition under Chapter 11 of the Bankruptcy Code to commence this case.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 8, 2011 at Los Angeles, California.

                                                                                                                               _____
                                                                                                                             George Lanning
                                                                                                                             Debtor and Debtor in Possession

10. On March 7, 2011, my wife and I retained Jerome S. Cohen ("Cohen") as bankruptcy counsel and, on the same day, we filed a voluntary petition under Chapter 11 of the Bankruptcy Code to commence this case.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 8, 2011 at Los Angeles, California.

_____
George Lanning
Debtor and Debtor in Possession

# **DECLARATION OF JEROME S. COHEN**

I, JEROME S. COHEN, declare as follows:

1. I am an attorney admitted to practice in the States of California, Delaware, Maryland, and District of Columbia. I maintain a solo practice in Los Angeles, California.

2. I have personal knowledge of the matters here stated.

3. I submit this declaration in support of the *Application of George Lanning and Nancy Lanning for an Order Maintaining the Automatic Stay*.

4. I have successfully represented numerous parties in Chapter 11 cases in the Central, Northern, and Southern Districts of California and the Districts of Arizona, Delaware, and Maryland.

5. In the Central District of California, among other appearances, I have successfully served as Chapter 11 debtors' counsel. I served as sole debtor counsel, and my client obtained plan confirmations, in In re Brooks Industries, Inc., LA 94-48626-AA, and In re Prestige Bedding Corporation, LA 94-48634-AA (consolidated cases); In re Hayes Protective Services, LA 95-28528-KM; In re Sokchheang Saing and Teang Kha Saing, LA 98-20643-EC; and In re Berri's Pizza Café II, LLC, LA-02-18813-EC; and In re Mark Majetti, 1:08-bk-16828-MT. In each of those cases, debtor obtained plan confirmation in a timely manner compared with the average time for confirmation in this district, and my final fee application was approved in total, with the exception of minor reductions in two cases. In another Chapter 11 debtor representation in this Court, I brought about a settlement and voluntary dismissal (In re Stuart Randall Waid, Case No. La 04-23514-BR). In another Chapter 11 debtor representation, the U.S. District Court (Manuel Real, J.) withdrew the reference and dismissed the case. (In re Phoenix Family Trust, Case No. 1:05-14233-MT; USDC Case No. 2:05-CV-05249-R).

6.    The American Board of Certification, of the American Bankruptcy Institute, has awarded me, and re-awarded me, and I now hold, its designation Board Certified in Business Bankruptcy Law.

7.    On March 7, 2011, George Lanning and Nancy Lanning (the "Debtors") contacted me regarding Chapter 11 bankruptcy. On March 7, 2011, Debtors executed a retainer agreement with me.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 8, 2011 at Los Angeles, California.    */s/ Jerome S. Cohen*
Jerome S. Cohen
[Proposed] Attorney for Debtors and Debtors-In-Possession,
George Lanning and Nancy Lanning

| In re: George Lanning and Nansee Lanning | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:11-bk-19760-VZ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
<u>3731 Wilshire Blvd., Suite 514, Los Angeles, CA 90010</u>

A true and correct copy of the foregoing document described **DEBTORS' EMERGENCY MOTION FOR AN ORDER THAT THE STAY TAKE EFFECT AND REMAIN IN EFFECT NOTWITHSTANDING PROVISIONS OF 11 U.S.C. §§ 362(c)(4)(A): DECLARATIONS OF GEORGE LANNING AND JEROME S. COHEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 8, 2011</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    * Jerome S Cohen    jsc@jscbklaw.com
    * United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>March 8, 2011</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| *Via Personal Delivery* | *Via Email* |
|---|---|
| The Honorable Vincent P. Zurzolo<br>United States Bankruptcy Court - Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1360 / Courtroom 1368<br>Los Angeles, CA 90012 | Steven Casselberry<br>scasselberry@mrllp.com<br>Michelman & Robinson, LLP<br>4 Hutton Centre Drive<br>Suite 300<br>Santa Ana, CA 92707 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 8, 2011 | Jerome S. Cohen | */s/ Jerome S. Cohen* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                **F 9013-3.1**